UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION

| | | |
|---|---|---|
| HENRY HAMILTON, *Individually and* | ) | |
| *on behalf of others similarly situated,* | ) | |
| | ) | Civil Action No: |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:14-cv-00109ACL |
| CITY OF HAYTI, MISSOURI, | ) | |
| GLENDA OVERBY,  CALVIN | ) | |
| RAGLAND, AMY LEEANN LANNIE, | ) | |
| and MACO  MANAGEMENT CO.,  INC. | ) | |
| | ) | Jury Trial Demanded |
| *Defendants.* | ) | |

AMENDED  COMPLAINT

1.

This action is brought pursuant to 42 U.S.C. §1983 and pendent state law tort

claims for monetary damages and  for declaratory and injunctive relief arising from

the actions of Amy Leeann Lannie, Maco Management Co., Inc., the City of Hayti,

Missouri, Glenda Overby,, and  Calvin Ragland, in unlawfully seizing, arresting and

imprisoning Plaintiff Henry Hamilton and denying him the right to bail by imposing

an excessive bond restricted to cash only payment, and requiring him to effectively

prepay fines and court costs prior to determination of guilt or innocence. He asserts

these actions were undertaken through the joint actions and agreement among the municipal court clerk, municipal judge, the City of Hayti, and private parties all in violation of Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States. His state tort claims include civil conspiracy, false arrest and imprisonment, malicious prosecution, deprivation of liberty rights under Article I, Sections 10 and 21 of the Missouri Constitution which guarantee due process of law and prohibit imposition of excessive bonds and fines, §544.455 R.S. Mo., Supreme Court Rule 37.15 (establishing the Right to Release and affording multiple methods), Rule37.16, Rule 37.45, and Rule 37.47.

With respect to the members of his class , Plaintiff alleges that the City of Hayti acting through Defendants Ragland and Overby has established a systemic practice of setting excessive bail, of coercing payment of fines and costs prior to determination of guilt or innocense, of requiring defendants to post cash only bonds or be sentenced to jail in lieu of such payment. He asserts that he and numerous impoverished members of his class have been unlawfully sentenced to jail for failure to prepay such fines or bonds. In Plaintiff's case he alleges his bond was set at the maximum fine permissible for each offense plus the court costs, in violation of the court's established bond schedule, and was unlawfully imprisoned for seven (7) days because he was unable to raise the entire sum of the cash bond.

Plaintiff also seeks declaratory, compensatory and punitive damages and an

award of attorney fees and expenses pursuant to 42 U.S.C. §1988 against Defendants. He also seeks declaratory and injunctive relief against Defendant Ragland and the City of Hayti.  Plaintiff seeks declaratory and injunctive relief and monetary damages against Defendants Lannie and her employer Maco Management Co. for rejecting his application for federally subsidized housing and barring him from the Cleveland Apartments operated by Maco Management Co. in violation of controlling the federal regulations and policies applicable to federally funded housing program.

## JURISDICTION

2.

The jurisdiction is invoked pursuant to 28 U.S.C. §1331, §1343 (3) and (4), and 28 U.S.C. §1367.

## PARTIES

3.

Henry Hamilton at the time of his arrest and incarceration was a sixty year old disabled resident of Pemiscot County, Missouri.

4.

Defendant the City of Hayti, Missouri, is a Fourth-Class city located in Pemiscot County, Missouri.  It has established and operates a Municipal Court pursuant to Chapter 479 R.S. Mo. for the violation of municipal ordinances. It may be served by serving its Mayor Bobby Watkins at the Hayti City Hall, 300 East Main

St., Hayti, Missouri.

5.

Defendant Calvin Ragland is and was at all times material to this action was the elected Municipal Judge for the City of Hayti . He may be served at the Hayti City Hall, 300 East Main St., Hayti, Missouri.

6.

Defendant Glenda Overby was at all times material to this action  employed by the City of Hayti as a police officer and municipal court clerk.   She may be served with process at her residence at 705 East Moore St., Hayti, Missouri.

7.

Defendant Amy Leeann Lannie an adult resident of Pemiscot County, Missouri and at all times material to this action, was an employee and agent of Maco Management Co. Inc. and acting within the scope of her employment as manager of Cleveland Apartments in Hayti, Missouri.  She is the daughter of Defendant Glenda Overby.  She has since married David Inman, a former police officer of the City of Hayti, Missouri. She may be served with process at her residence which is 711 East Moore  St.,  Hayti, Missouri.

8.

Defendant Maco Management Co., Inc. is a corporation incorporated under the laws of the of the State of Missouri.  Service may be made upon by serving an officer

of the corporation at  111 North Main St.,  Clarkton, Missouri 63837or by serving its registered agent which is CSC-Lawyers Incorporating Service Company, 221 Bolivar St., Jefferson City, MO 65101.

9.

Plaintiff's class consist of the following individuals:

A.)  Plaintiff's class consists of all individuals arrested for violations of ordinances of the City of Hayti, Missouri, whose conditions of release or bail required them to pay cash bonds in the maximum amount authorized by law for an offense or the amount set by the City's fine schedule for the offense plus court costs.

B.)  Plaintiff is also the member of a subclass which includes all individuals detained and incarcerated in the Pemiscot County Jail because of their inability to prepay fines and court costs in the form of "cash only bonds" set by Hayti police officer, the court clerk, or municipal judge prior to adjudication of guilt or innocence.

10.

The class is so numerous that joinder of all members as parties is impractical; the claims of Plaintiff are typical of the class, and as representative of the class, he will fairly and adequately protect the interests of the class as a whole; and Defendants City of Hayti, Ragland, and Overby have acted on grounds generally applicable to the class, thereby making injunctive and declaratory relief appropriate with respect to the class as a whole.  Although Plaintiff is no longer incarcerated or subject to the bond

procedure, he has standing to bring the present action on behalf of the class inasmuch as the imposition of excessive and cash only bonds which operate to deprive a pretrial detainee of his right to release is a situation in which the challenged action against members of the class is of relatively short duration and too short to be fully litigated prior to its cessation or expiration and there is a reasonable expectation that members of the class may be subject to the same action.  In such cases the courts have allowed an otherwise moot action to proceed as one "capable of repetition but evading review".

## 11.

At all times materials to this action, Defendants, their agents and employees acted jointly under colors of law, custom and usage of the State of Missouri.

## 12.

Defendants    Ragland as municipal judge and Overby in her combined positions of police officer and municipal court clerk were officers, agents and employees of City of Hayti.

## 13.

The actions of Defendant Ragland as an elected municipal judge regarding the setting of bonds for cash only, setting the amount of bonds at the maximum fine for each offense plus court costs, and requiring a defendant in a municipal proceeding to effectively prepay fines prior to a determination of guilt or innocence as a

condition for release from jail constitute an official policy of the municipality by the official charged with making final decisions and establishing policies for the administration of the municipal court.

14.

Defendant Ragland has administratively 1) set fine/bond schedules for offenses and categorically denied defendants in municipal court the opportunity to meet the conditions for release under Section 544.455 by requiring "cash only" bonds, 2) established a practice delegating to a municipal court clerk and police officers authority to deny such rights without individual judicial determinations on a case by case basis of the necessity for limiting the methods for release of defendants. Such administrative actions were not only beyond the bounds of his authority under the law, but were taken in the complete absence of all jurisdiction in a case.

15.

Defendant Ragland established a fine and bond schedule that incorporated fines to be assessed and court costs for each offenses. The same amounts set for the fines and costs are designated by Defendant Ragland as the bond amounts to be set by the court clerk and police officers. He further directed that the court clerk and police officers set bonds for cash only. Defendants were not permitted to use surety bonds to secure their release from jail. Such action and practice constitutes an official policy and practice of the City of Hayti and an unlawful form of coercion requiring

defendants to prepay fines and costs prior to determination of guilt or innocence of charges filed against them in order to avoid imprisonment, even for minor offenses.

16.

The actions, policies and practices authorized by Defendant Ragland were so well-settled, pervasive, and permanent as to constitute a custom or usage with the force law as to be attributable to the City of Hayti.

FACTS

17.

On Thursday July 28, 2011, Henry Hamilton went to the office of Cleveland Apartments in Hayti, Missouri to make application for housing.   Cleveland Apartments is a program providing federally assisted housing through the U.S. Department of Housing and Urban Development (H.U.D.) and is managed and operated by Maco Management Co., Inc.  Hamilton was given an application form and told to fill it out and return it to the office in order to qualify for available housing.  He took the application with him, completed it, and took it back to Maco's office at Cleveland Apartments that afternoon.

18.

After he turned in the completed application, Maco's manager for the Cleveland Apartments, Amy Leeann Lannie, questioned him about the application and accused him of falsifying the application and fraud.  He denied the accusation

and was ordered by Lannie to leave the office.

19.

On information and belief, Lannie who was the daughter of Defendant Glenda Overby, a police officer and the municipal court clerk, called her mother regarding the incident and her mother dispatched a police officer David Inman to take a statement from Lannie to initiate a complaint against Plaintiff in municipal court. Officers David Inman, who was Lannie's boy friend and is now her husband, went to the housing office to take the statement. After taking the statement Inman and two other police officers began searching the town to arrest Hamilton. Lannie went to the Police Department where her mother had prepared a complaint against Hamilton and assigned it a case number. Lannie signed the complaint and her mother Defendant Overby witnessed her statement.

20.

On the same date, July 28, 2011, Defendant Lannie prepared a "Notice Against Trespass" and gave it to officer Inman to serve on Henry Hamilton at the time of his arrest prohibiting him from coming upon the Cleveland Apartment properties. She gave as the reason for barrment "Assault on Management" and signed it as manager on behalf of Defendant Maco Management Co., Inc.

21.

The following morning, Plaintiff was arrested west of the City of Hayti Heights

in rural Pemiscot County. His car was impounded and he was transported to the Pemiscot County Jail. Officer Inman did not have a warrant at the time but gave Plaintiff a copy of the Notice Against Trespass provided by Defendant Lannie. Defendant Overby prepared a Warrant for Arrest charging Plaintiff with peace disturbance and third degree assault (the city had no ordinance for third degree assault) and set his bond at $1,022.50, the maximum fine for the two municipal charges and $22.50 in court costs.  In the Warrant in the section for "Conditions of Release" Overby inserted: "Must Post Cash Bond." She affixed Defendant Ragland's signature to the warrant with a  rubber signature stamp and faxed it to the Pemiscot County Jail.

22.

On information and belief, Defendant Ragland had at all times material to this action established a policy and practice of authorizing Defendant Overby to set bonds and issue warrants without reviewing the same and or signing them himself.

23.

At all times material to this action Defendant Ragland had in effect an administratively established a fine/bond schedule which authorized the city court clerk and police officers to collect fines, bonds, and court costs for ordinance and traffic violations specified in the schedule.

24.

Alternatively, on information and belief, the actions of Defendant Overby in setting the bond in excess of the amounts in the fine/bond schedule and having Plaintiff unlawfully held in jail for seven (7) days were done without the knowledge and authorization of Defendant Ragland for the sole purpose of punishing Plaintiff rather that securing his appearance in court.

25.

Despite the fact that the fine and bond schedule for the offenses were $160.50 (for assault–the City ordinances make no distinction in the degree of assault) and $110.50  (for peace disturbance for use of profane language), making a total bond / fine and  court costs of $270.00 for the offenses, Defendant Overby set the bonds at an excessive and exorbitant amount to prevent Plaintiff from making bond.  He and his niece were able to raise $350.00 but he could not raise the full amount of the bond and was not permitted to post  a surety bond through a bondsman.   Plaintiff is disabled and his only source of support was a small monthly social security disability check.

26.

Plaintiff was imprisoned in the Pemiscot County Jail under the Hayti warrant for seven days until his court appearance on August 4, 2011.  At that time Defendant Ragland released him without necessity of posting of any bond  and set a trial date for

August 11, 2011.

27.

Plaintiff employed counsel to represent him in the matter and the case was transferred to the Circuit Court of Pemiscot County on motion for change of judge and jury trial.  The charge of assault was voluntarily dismissed by City of Hayti and the charge of peace disturbance  disposed of in Plaintiff's favor without imposition of any fine or period of incarceration.

## COUNT  I.

(Civil Rights 42 U.S.C. §1983)

28.

Plaintiff adopts and realleges the allegations contained in the Paragraphs 2-27 above.

29.

This cause of action is brought pursuant to 42 U.S. C. §1983 and §1988 for declaratory judgment, injunctive relief, monetary damages, and attorney fees for the actions of Defendants  heretofore set out in depriving Plaintiff of his rights secured by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

30.

At all times material to this action, Defendants acted under color of law, office,

ordinance, custom, or usage of the State of Missouri and the City of Hayti, Missouri;
Defendant Lannie and Maco Management Co., Inc. acted jointly and in concert with
Defendant Overby, Ragland, and Hayti police officers in causing the deprivations of
Plaintiff's federally protected rights.

31.

Defendants Overby, Ragland, and City of Hayti conspired with Defendants
Lannie and Maco  to deprive Plaintiff of his rights secured by the Fourth, Eighth, and
Fourteenth Amendments to the Constitution of the United States to be free from
imposition of  excessive bail, to be free from unreasonable search, seizure, and
imprisonment, to be free from prosecution except upon probable cause, to his right
to be released from imprisonment based on §544.455 R.S.Mo., and the right to have
his case heard and adjudicated before being compelled pay fines and court costs in
order to be released from imprisonment.

32.

At all times material to this action Defendants Ragland and Overby were an
official and an employee of the City of Hayti, Missouri respectively.  Defendant
Ragland was an elected municipal judge acting in the complete absence of his
jurisdiction in administratively approving and establishing policies and practices
categorically depriving defendants in municipal courts of their rights and coercing the
pre-payment of fines and court costs prior to appearance in court and a judicial

determination of guilt or innocence. While the practice may have been a highly efficient and effective method of collecting fines and costs, it is wholly unauthorized by law and outside the jurisdiction of a municipal judge.

33.

The private Defendants Lannie and Maco Management were joint participants with Defendants Overby and Ragland in instigating and conspiring to incarcerate Plaintiff, depriving him of his right to reasonable bond, and preventing him from being released in accordance with federal and state law.

34.

The actions of Defendants violated Plaintiff's clearly established rights under both state and federal law.

35.

The actions of Defendants were intentional, taken with malice, outrageous, and showed a deliberate indifference to Plaintiff's rights.

36.

As a direct and proximate result of the actions caused by Defendants, Plaintiff has been deprived of his rights, privileges and immunities guaranteed by the Fourth, Eighth and Fourteenth Amendment, including a federal constitutional claim based on §544.455 R.S.Mo.

37.

As a direct and proximate result of the joint actions and common scheme of Defendants, Plaintiff incarcerated, and suffered pain, distress, and anxiety as a result of his incarceration. In addition Plaintiff has suffered financial loss including but not limited to, the impounding of his automobile, the cost of employing an attorney to represent him on the municipal charges, and the denial of subsidized housing at Cleveland Apartments.

<u>COUNT II.</u>

(Federal Regulations and Policies Governing Housing
Programs Receiving Federal Financial Participation)

38.

Plaintiff realleges and incorporates the allegations contained in Paragraphs 2-37 above.

39.

Defendant Maco Management Co., Inc. is a management company which participates in the federal subsidized housing program for low income individuals through its operation and management of Cleveland Apartments. By its receipt of federal funding for the program, it is required to comply with H.U.D. regulations, policies, and directives governing the administration of the housing programs.

40.

H.U.D. regulations provide regulations and policies governing eligibility for

federally funded housing programs and the circumstances and criteria under which an operator or manager of a housing program may disqualify an applicant or potential tenant  from the program; they also provide for  barrment of applicants for housing as well as non-residents from the premises of the   housing facilities in limited situations.

41.

Defendant Lannie as the onsite manager and agent for Defendant Maco Management denied Plaintiff consideration for housing, refused to process his application, and barred him from the premises in violation of federal housing regulations and policies.  She and Maco further refused to review or alter her determination once her charge of assault was dismissed in the court proceeding. Likewise, she failed to inform Plaintiff of his rights under the housing regulations to file an grievance and appeal to contest and overturn her determination.

42.

Defendant Lannie in refusing to accept Plaintiff's application and barring him from the premises was acting within the scope of her authority as manager and  agent on behalf  Maco Management Co., Inc.

43.

Defendant Maco Management Co., Inc. is liable for Defendant Lannie's  denial of Plaintiff's application for subsidized housing and his barrment from the premises

for the past three years on the basis of *respondeat superior*.

44.

As a direct and proximate result of the actions of Defendant Lannie and Maco Management Co., Inc., Plaintiff has been denied public subsidized housing at Cleveland Apartments and the ability to visit his family and friends living in the complex and has suffered loss of housing benefits and monetary damages. Maco continues to this date to bar him from the premises and eligibility for housing at Cleveland Apartments, thereby making declaratory and injunctive relief appropriate as well as damages for financial loss.

COUNT III.

(Missouri Constitutional and Statutory Violations)

45.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 2-39 above.

46.

The actions taken by Defendants to require Plaintiff to post a cash bond for the maximum amount of the fines for each offense and court costs violated his rights under the Article I, Sections 10 and 21 of Missouri Constitution, §544.455 R.S.Mo., and Missouri Supreme Court Rules 37.15, 37.16, 37.45, and 37.47.

47.

As a direct and proximate result of the joint actions and common scheme of Defendants, Plaintiff suffered pain, distress, anxiety, and humiliation as a result of his incarceration. In addition Plaintiff has suffered financial loss, including but not limited to, the impounding of his automobile, and the cost of employing an attorney to represent him on the municipal charges, and loss of housing benefits.

COUNT IV.

(State Law Tort Claims)

48.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 2-47 above.

49.

Defendants acted in jointly in concert to file a false complaint to have Plaintiff arrested, hold him in jail, and prosecute him without probable cause. The sworn complaint was improperly prepared and witnessed by the complainant's mother Defendant Overby who initiated the case knowing the statement to be false.

50.

The prosecution was instigated based on the false statements and was motivated by malice on the part of made Defendants Lannie and Overby. Defendant Overby acting in her capacity as municipal court clerk and on behalf of her daughter filed the complaint knowing the statements to be false and for the sole purpose of causing the

arrest and imprisonment of Plaintiff. They agreed to draft the arrest warrant in such a manner as to prevent Plaintiff from being able to make bond and affixed Defendant Ragland's signature with a stamp.

51.

The charges against Plaintiff constituted malicious prosecution, were false, and were filed without probable cause.

52.

The prosecution of the charges against Plaintiff was terminated in Plaintiff's favor.

53.

As a direct and proximate result of Defendants prosecution, Plaintiff was denied release from jail, imprisoned for seven (7) days, deprived of his legal rights, required to required to incur the expense of hiring an attorney to defend him. He was likewise denied housing benefits for which he was otherwise eligible because of the false charges of assault by Defendant's Maco's manager and agent. Plaintiff further suffered the humiliation of arrest, imprisonment, and having to appear as a defendant in court.

54.

Defendant Maco Management Co., Inc. is liable for malicious prosecution based on *respondeat superior* in that Defendant Lannie was acting in her capacity as manager and within the scope of her duties and employment in filing the complaint.

## COUNT V.

(Civil Conspiracy)

55.

Plaintiff adopts and incorporates herein the allegations contained in Paragraphs 2-54 above.

56.

Defendants acting jointly and in concert entered into an agreement or understanding to prosecute Plaintiff, have him arrested, incarcerate him, and to deny him of the opportunity to make bond by setting his bond at an exorbitant amount for his circumstances and in refusing to allow him to obtain release by use of a surety bond or the means authorized by §544.455 R.S.Mo.  Defendants knew or should have known that their actions in confining Plaintiff and denying him release from jail except upon posting an excessive cash bond or prepaying fines and costs were unlawful and violated Plaintiff's clearly established statutory and constitutional rights.

57.

The prosecution was motivated, in part, to punish Plaintiff for objecting to Defendant Lannie's accusations of fraud and to her retaliation in rejecting Plaintiff's housing application and  barring  him from the premises of the housing project.

58.

As a direct and proximate result of Defendants' conspiracy to deprive him of his legal rights, Henry Hamilton was denied release from jail, imprisoned for seven (7) days, required to required to hire an attorney to defend him. He was likewise barred from the housing complex and denied housing benefits for which he was otherwise eligible and suffered the humiliation and embarrassment of arrest, imprisonment, and having to appear as a defendant in court.

59.

In conspiring with Defendant Overby and through her Defendant Ragland, Defendant Lannie was acting within the scope of her employment and in her capacity as manager and agent for Maco Management Co. Inc. in the operation and management of the Cleveland Apartments.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the members of his class pray this court grant the following relief:

1. Under Counts I and III, enter an order  pursuant to Rule 23 F.R.Civ. P that this action be maintained as a class action;

2.  Under Counts I and III enter judgment for declaratory and injunctive relief and attorney fees against the City of Hayti and Defendants Ragland and Overby;

3. Enter declaratory judgment under Counts I , III, and V against Defendants

declaring that the actions and practices employed by Defendants Overby,  Ragland and City of Hayti in setting bonds for Plaintiff and the members of his class at the amount of fines and court costs, in setting bonds in an excessive amounts for the alleged offenses, in restricting the conditions of release from  jail  to "cash only bonds", in requiring a defendant to prepay fines and costs prior to determination of guilt or innocence, in using  bail as a collection method to enforce prompt payment of fines and costs by coercing defendants into prepaying fines and costs through the threat of imprisonment are contrary to the Fourth, Eighth and Fourteenth Amendments to the Constitution of the States, the Bill of Rights , Article I, Sections 10, 20, and 21of the Constitution of the State of Missouri, the laws of the State of Missouri including, Section 544.455 R.S.Mo., and the Missouri Supreme Court Rules.

4.  Under Count I to enter injunctive relief against Defendant Ragland under Counts I and III in his official and individual capacities and the City of Hayti on behalf of all class members prohibiting them from imposing excessive bail and limiting the conditions of release to "cash only bonds";  prohibiting them from setting the bonds in the amount of the fines and costs for offenses thereby coercing  defendants to prepay fines and costs for release from imprisonment prior to determination of guilt of innocence; enjoining the City and Defendant Ragland to set aside all guilty pleas in cases involving posting of cash bonds and bond forfeitures upon failure of a defendant who has posted a cash bond to appear in court, refunding all forfeited cash

bonds ordered by the municipal court without compliance with the law and procedures required for establishing  bond forfeitures; that the Court enjoin the City of Hayti to refund all cash bonds posted by Defendants from September 1, 2010 to the present and award a reasonable attorney fee on behalf of the class.

5.     To enter judgment under Count I in favor of Plaintiff and against all Defendants jointly and severally in the amount of $500,000 as compensatory damages and $500,000  as punitive damages together with an reasonable award of attorney fees under 42 U.S.C. §1988.

6.     To enter judgment under Count III in favor of Plaintiff and against all Defendants jointly and severally in the amount of $500,000 as compensatory damages and $500,000  as punitive damages.

7.     Under Count II enter judgment against Defendant Amy Leeanne Lannie and her employer Maco Management Co., Inc. jointly and severally in the amount of $250,000 in compensatory damages and $250,000 as punitive damages together with a reasonable award of attorney fees under 42 U.S.C. §1988.

8.     Under Count II enter judgment for injunctive relief enjoining  Defendant Maco Management Co., Inc. to rescind its barrment of Plaintiff from its properties and  and  to provide him with subsidize housing for  for which he would have qualified had his housing application been processed properly and to reimburse him for the value of the loss of the housing benefits.

9.    Under Count IV enter judgment in favor or Plaintiff and against all Defendants jointly and severally for malicious prosecution and false imprisonment in the amount of $250,000 in compensatory damages and $250,000 in punitive damages.

10.    Under Count V to enter judgment in favor of Plaintiff against Defendant Maco Management Co., Inc. and the individually named Defendants jointly and severally in the amount of $250,000 in compensatory damages and $250,000 in punitive damages for civil conspiracy.

11.    Grant Plaintiff such other and further relief as is just and proper.


s/ Jim R. Bruce
Jim R. Bruce,#29,673
P.O. Box 37
Kennett, MO 63857
Telephone: (573) 888-9696

ATTORNEY FOR PLAINTIFF