UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION

| | | |
|---|---|---|
| HENRY HAMILTON, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: |
| vs. | ) ) | 1:14-cv-00109ACL |
| CITY OF HAYTI, MISSOURI, GLENDA OVERBY, CALVIN RAGLAND, AMY LEEANN LANNIE, and MACO MANAGEMENT CO., INC., | ) ) ) ) ) | Jury Trial Demanded |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' DENIAL OF CERTIFICATION OF CLASS ACTION**

Plaintiff is requesting in his Amended Complaint that the Court certify a class action in Counts 1, 3 and 4 of Plaintiff's Amended Complaint. Plaintiff is asking for injunctive relief declaring certain actions illegal, enjoining the City from performing certain cash-bond functions and an award of damages and attorney fees.

Federal Rule of Civil Procedure 23 establishes certification of class action. The Plaintiff has the burden of showing that a class should be certified and the requirements of Rule 23 are met. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). A determination made by the district court as to whether to certify or not certify a class will not be set aside unless there is an abuse of discretion. Id. Plaintiff's Amended Complaint identifies the class as others who were similarly situated and does not provide any detailed guidance as to how the class is to be defined and identified. Plaintiff's Amended Complaint is no different than the complaint filed in the Coleman case, supra, where there was no guidance as to how the class was to be defined and identified and just basically claimed that

1

the class would comprise those who were similarly situated who had to post cash-only bonds.

As the court in Coleman held, there are varying circumstances which might trigger the court's mandatory impoundment provisions of motor vehicles and the Plaintiff failed to meet the requirements of commonality and typicality (Id. at page 259). Similarly, Hamilton's Amended Complaint would fail for the same reasons to meet the requirements of commonality and typicality. The mere fact each defendant is required to post a cash-only bond is based on circumstances of the crime or ordinance violation committed, whether the person was a resident or non-resident of Hayti or Pemiscot County and each offense would not meet the commonality and typicality requirement. Therefore, for these reasons alone, the Court should deny certification.

In addition, Plaintiff's Amended Complaint requesting class certification does not set forth a definable class. Spencer v. White, 2009 US Dist Lexis 95824 (EDAR 2009).

For the reasons Plaintiff's Amended Complaint does not set forth and fails to meet the requirements of commonality and typicality and further fails to provide a sufficient class definition, Plaintiff's Amended Complaint fails to meet the requirements set forth in Federal Rules of Civil Procedure 23, the Court should deny class certification in this matter.

                              SPRADLING & SPRADLING

By: /s/ **A.M. Spradling, III**
A.M. Spradling, III
EDMO #10371 MOBAR#23702
1838 Broadway, P.O. Drawer 1119
Cape Girardeau, MO 63702-1119
(573)335-8296 Fax (573) 335-8525
E-mail: spradlaw@swbell.net
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 24, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the attorneys of record.


                      SPRADLING & SPRADLING

By:    /s/  **A.M. Spradling, III**