UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HENRY HAMILTON, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 1:14-CV-109 (CEJ) |
| CITY OF HAYTI, MISSOURI, ) GLENDA OVERBY, CALVIN RAGLAND, ) AMY LEEANN LANNIE, and MACO ) MANAGEMENT CO., INC., ) ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant City of Hayti, Missouri to disqualify plaintiff's counsel. Plaintiff has responded in opposition.

I. **Background**

Plaintiff Henry Hamilton brings the instant action pursuant to 42 U.S.C. § 1983, federal housing regulations and state tort law, individually and on behalf of others similarly situated, against the City of Hayti, Calvin Ragland, the elected municipal judge for the City of Hayti, Glenda Overby, a police officer and former court clerk, Maco Management Co., and Amy Leeann Lannie, an employee of Maco Management. In the complaint, Hamilton alleges that the City of Hayti, acting through defendants Ragland and Overby, has established an unlawful systemic practice of setting excessive bail, coercing payment of fines and costs prior to the determination of guilt or innocence, and requiring defendants to post cash-only bonds or be sentenced to jail in lieu of such payment. Plaintiff and the putative class are represented by attorney Jim R. Bruce.

1

Mr. Bruce is also counsel for the City of Hayti's current mayor, Bobby A. Watkins, in a state criminal case pending in the Circuit Court of Dunklin County, Missouri. State v. Watkins, 12DU-CR00896 (Mo. Cir. Ct. July 23, 2012). The City of Hayti filed the instant motion to disqualify Mr. Bruce as plaintiff's counsel on the basis of a concurrent conflict of interest and privileged communications.

## II.    Legal Standard

Attorney disqualification rests in the discretion of the court. Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1154 (8th Cir. 1999) (quoting Harker v. Commissioner, 82 F.3d 806, 808 (8th Cir. 1996)). Motions to disqualify counsel are subject to particularly strict judicial scrutiny given the potential for abuse by opposing counsel. Droste v. Julien, 477 F.3d 1030, 1035 (8th Cir. 2007). This is because "[d]isqualification often results in increased expenses, delay in resolution of the proceedings, and always deprives a party of its choice of counsel." Commonwealth Land Title Ins. Co. v. St. Johns Bank & Trust Co., No. 4:08-CV-1433 (CAS), 2009 WL 3069101, *4 (E.D. Mo. Sept. 22, 2009) (citation omitted). "[T]he extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." Macheca Transp. Co. v. Philadelphia Indem. Ins. Co., 463 F.3d 827, 833 (8th Cir. 2006) (internal quotations and citations omitted). "Disqualification is appropriate where an attorney's conduct threatens to work a continuing taint on the litigation and trial." Gifford v. Target Corp., 723 F. Supp. 2d 1110, 1116 (D. Minn. 2010) (citation omitted). Factors to be considered include a court's "duty to maintain public confidence in the legal profession and its duty to insure the integrity of the judicial proceedings." Id. at 1116-17 (citation omitted). The party seeking disqualification bears the burden of

2

showing that such a sanction is warranted. A.J. by L.B. v. Kierst, 56 F.3d 849, 859 (8th Cir. 1995). "[A]ny legitimate doubts must be resolved in favor of disqualification." Gifford, 723 F. Supp. 2d at 1117 (citing Coffelt v. Shell, 577 F.2d 30, 32 (8th Cir. 1978)); see also Griffen by Freeland v. East Prairie, Mo. Reorg. School Dist. No. 2, 945 F. Supp. 1251, 1254 (E.D. Mo. 1996).

Pursuant to Local Rule 12.02, the professional conduct of attorneys practicing in this district is governed by the Missouri Rules of Professional Conduct. E.D. Mo. L.R. 12.02. ("The Rules of Professional Conduct adopted by this Court are the Rules of Professional Conduct adopted by the Supreme Court of Missouri, as amended from time to time by that Court"). The Supreme Court of Missouri adopted the Rules of Professional Conduct (the Model Rules), effective January 1, 1986. See Mo. Sup. Ct. R. 4. This Court has determined that the local rule intends to apply the Model Rules. Commonwealth Land Title Ins. Co., 2009 WL 3069101 at *3; see also Harker, 82 F.3d at 807.

Rule 4-1.7 of the Model Rules governs conflicts of interest regarding current clients. Unless both affected clients give informed consent in writing, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Mo. Sup. Ct. R. 4-1.7(a). A concurrent conflict of interest exists if "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Id. Even if the concurrent clients' interests are not directly adverse, "a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out

an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests." Id. at comment 8.

## III. Discussion

The City of Hayti argues that because Mr. Bruce is concurrently representing the mayor in a separate state criminal action, a conflict of interest arises since the mayor may become privy to confidential communications between the city's attorneys in closed session consultation with the city's governing body and mayor concerning litigation strategies and other information regarding the instant case.

Generally, only a former or current client has Article III standing to bring a motion to disqualify counsel on the basis of a conflict of interest. See, e.g., In re Yarn Processing Patent Validity Litig., 530 F.2d 83, 88-89 (5th Cir. 1976). The plaintiff in this action and the mayor of the City of Hayti are the current clients at issue, neither of which has brought the instant motion. Instead, the motion is brought by the organizational entity of which the mayor is the leading member. A third-party may seek disqualification if there is an "ethical breach [that] so infects the litigation . . . that it impacts the moving party's interest in a just and lawful determination of her claims." Colyer v. Smith, 50 F. Supp. 2d 966, 971-72 (C.D. Cal. 1999). The City of Hayti, a named defendant in this action, alleges that confidential attorney communication relevant to this case revealed in closed council sessions would reach plaintiff's attorney due to his concurrent representation of the mayor in a state proceeding. This causal connection and the mayor's inherent affiliation to the defendant organizational entity are sufficient to provide the City of Hayti standing to bring this motion. See Emle Indus., Inc. v. Patentex, Inc., 478

F.2d 562 (2d Cir. 1973) (granting a motion to disqualify made by the corporation the former client controlled).

According to the most recent census, the City of Hayti has a population of 2,939. U.S. Census Bureau, 2010 Census, *available at h*ttp://www.census.gov/2010census/. Hayti is classified as a fourth-class city by Missouri statute. Official Manual, State of Missouri 2013-2014 ch. 8, Cities and Counties: Classification of Municipalities, *854, http://www.sos.mo.gov/BlueBook/2013-2014/8_CityCounty.pdf. A city's classification limits its options as to the form of local government. Id. at 846. A fourth-class city is governed by a mayor and board of alderman. Id. The mayor and board of aldermen of a fourth-class city "have the care, management and control of the city and its finances," and the "power to enact any and all ordinances not repugnant to the constitution and laws of [Missouri]." Mo. Rev. Stat. 79.110.1. The mayor has a seat on and presides over the board of alderman. Mo. Rev. Stat. 79.120.1. No bill can become an ordinance in a fourth-class city until it has been signed by the mayor or passed over the mayor's veto. Mo. Rev. Stat. 79.130.1. The mayor approves all official bonds, unless otherwise prescribed by ordinance. Mo. Rev. Stat. 79.190.1. The mayor also "shall, from time to time, communicate to the board of aldermen such measures as may, in his opinion, tend to the improvement of the finances, the police, health, security, ornament, comfort and general prosperity of the city." Mo. Rev. Stat. 79.210.1. The mayor has the power to remit fines and forfeitures, and grant reprieves and pardons for city ordinance violations. Mo. Rev. Stat. 79.220.1.

The mayor of the City of Hayti is not a defendant in this case, but he has a legal obligation to manage the city's affairs. See Mo. Rev. Stat. 79.110.1. (providing that the mayor and board of aldermen of a fourth-class city "have the care, management and control of the city and its finances"). Organizational clients, including governmental organizations, are legal entities that do not act except through their officers, directors, employees and other constituents. Mo. Sup. Ct. R. 4-1.13, cmts. 1, 6. Furthermore, in the complaint plaintiff states that service of process for the City of Hayti should be made upon the mayor as the city's agent.

"An attorney has an ethical obligation to his or her client that does not admit of competing allegiances." S. Council of Indus. Workers v. Ford, 83 F.3d 966, 968 (8th Cir. 1996) (quoting Chapman v. Klemick, 3 F.3d 1580, 1511 (11th Cir. 1993)); see also Missouri v. Planned Parenthood of Kansas, 66 S.W.3d 16, 19 (Mo. 2002) ("An attorney owes a duty of undivided loyalty to the client."). If the representation is against an existing client, not just a former one, the balance shifts even more significantly toward disqualification. Melamed v. ITT Continental Baking Co., 592 F.2d 290, 292 (6th Cir. 1979); Cinema 5, Ltd., v. Cinerama, 528 F.2d 1384, 1386 (2d Cir. 1976).

Mr. Bruce concurrently represents the mayor of the City of Hayti in a pending state criminal action. State v. Bobby A. Watkins, 12DU-CR00896 (Mo. Cir. Ct. 2012). The existence of an ongoing attorney-client relationship raises an irrebuttable presumption that confidences are disclosed. See Griffen by Freeland, 945 F. Supp. at 1254 (disqualifying attorney due to a conflict of interest based on former representation); see also Fred Weber, Inc. v. Shell Oil Co., 466 F.2d 602, 608 (8th Cir. 1977) ("The attorney-client relationship raises an irrefutable

6

presumption that confidences were disclosed.") (overruled on other grounds).  "The presumption preserves confidentiality by relieving the movant of the burden of disclosing confidences in order to seek disqualification."  Griffen by Freeland, 945 F. Supp. at 1254.  Because of Mr. Bruce's undisputed attorney-client relationship with the mayor in an ongoing state matter, the city does not carry the burden of demonstrating or waiting for the actual impartation of confidential information.  In addition to this concurrent representation, the mayor's inherent statutory powers and duties inextricably bind him to manage and participate in the affairs of the city, including lawsuits brought against the city.  To protect the principles of confidentiality and loyalty and integrity of these proceedings, therefore, it is necessary to disqualify plaintiff's counsel.

Furthermore, the city asserts that the mayor is a potential witness in this case for either the plaintiff or defendants.  Because plaintiff's complaint involves the policies and procedures of the City of Hayti with respect to fines, bail and municipal court operations, the city states that the mayor may be required to testify concerning those policies and procedures.  Plaintiff contends that he has no intention of calling the mayor as a witness in this case.  Of course, that would not preclude the defendants from doing so.  Because the mayor of the City of Hayti has "the care, management and control of the city and its finances," as well as the power to enact ordinances, approve all official bonds, and remit fines, he may be asked to testify or be deposed as a necessary witness in response to the allegations in this case.  See Mo. Rev. Stat. 79.110.1, 79.190.1, 79.220.1.  Generally, a lawyer may not undertake representation that will require cross-examination of another client as an adverse witness.  ABA Formal Ethics Op. 92-367 (1992).  Accordingly,

the reasonable likelihood of the mayor appearing as an adverse witness further supports counsel's disqualification from appearing on behalf of plaintiff in this case.

Because a pro se litigant cannot adequately serve as a representative for a purported class, plaintiff will have to retain new counsel to pursue the class claims. See, e.g., Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); see also 7A Charles Alan Wright et al., Federal Practice and Procedure § 1769.1 & n.13 (3d ed.) (citing cases for rule that "class representatives cannot appear pro se").  If plaintiff does not wish to proceed with the class claims, then he may either retain new counsel or represent himself on his individual claims.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** defendant's motion to disqualify plaintiff's counsel [Doc. #25] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **January 16, 2015**, to retain a new attorney to enter an appearance on his behalf in this matter.  If plaintiff does not meet this deadline, the Court will dismiss the class claims without prejudice and permit plaintiff to proceed *pro se*.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2014.