## AFFIDAVIT

I, Jim R. Bruce depose and state as follows:

1. He was employed as the attorney for Henry Hamilton in connection the actions of the City of Hayti, its municipal judge, and its former city court clerk issuing a warrant for his arrest prior to the initiation of any city charges against him by the city prosecutor, setting an unreasonable bond, denying him release on bond except upon posting of a cash bond set at the maximum fine authorized by law plus court costs, denial of his right to post bond by other means authorized under Missouri law, and Plaintiff's incarceration for seven days.

2. Counsel has represented Plaintiff in an action in Federal Court, Case No. 1:14-CV-00109-CEJ.

3. On December 15, 2014 the Court entered an order disqualifying me as counsel in the action and ordering Plaintiff to retain a new attorney to enter an appearance on his behalf by January 16, 2015 or it would dismiss the class claims and require him to represent himself *pro se*.

4. The Court did not consider whether Plaintiff was indigent and unable to hire an attorney or whether to appoint counsel for him and his class under Local Rule 183-12.01(I).

5. The Court did not consider giving me the option of withdrawing from representing the mayor in the unrelated state court criminal in order to resolve the conflict of interest it found to be present.

6. Based on his limited Social Security Disability benefits, Plaintiff lacks the ability to retain private counsel to represent himself in this case. Any counsel must realistically rely

on a contingent fee arrangement, court awarded attorney fees under 42 U.S.C. §1988, or a combination of the two to receive full compensation for their services.

7. Court awarded fees and expenses are dependent on prevailing in a case, and judgment or recovery in a case may be denied even where the legal liability is otherwise well established. An attorney may have to wait for years until all appeals have been exhausted before receiving payment.

8. Civil rights cases such as Plaintiff's present case are labor intensive, often requiring hundred of hours of time for research, discovery, motions practice, brief writing, preparation of and responding to motions for summary judgment, and preparation and trial of the case.

9. The above concerns make recovery of full compensation for an attorney's services and fees in civil rights action highly risky. From my thirty-five years of experience in civil rights cases representing both plaintiff's and defendants, the vast majority of attorneys are unwilling to accept civil rights cases, and the majority of those who do require payment for their services by the client. Few are willing to take the risk of recovery or are willing and able to wait for long periods to be compensated for their service. In southeast Missouri the availability of private counsel willing to take on a plaintiff's civil rights case is even limited, making appointment of counsel by the Court the only means by which an indigent plaintiff may gain access to the Federal Courts to vindicate their rights.

10. Following the Court's order of December 15, 2014, I have attempted to assist Henry Hamilton secure the services of a private attorney to represent him in his case without

success. I have spoken with several attorneys throughout southeast Missouri to find someone willing to represent him in his federal action. While several expressed the opinion that the case presents interesting legal questions or is unique, and a couple even referred me to other attorney, no one has been willing to take on the representation of Plaintiff in the case. We are continuing to seek counsel and will do so until the Court's deadline for compliance on January 16, 2015.

11. I was contacted by the *Missouri Lawyer's Weekly* for an interview in December 2014. During the interview, I stated that we were trying to find an attorneys willing to represent Plaintiff and enter an appearance on his behalf. A feature article appeared on the front page of the newspaper on January 5, 2015. The reporter stated that we were attempting to locate an attorney willing to represent Plaintiff. To date we have had no inquiries from any attorney.

12. Unless Plaintiff can obtain the assistance of a public interest law firm or organization such as the ACLU, the NAACP, or a referral from the Missouri Bar, there is little hope that Plaintiff will be able to obtain representation in this case with the result that he will either have to voluntarily dismiss his claim or run the risk of dismissal by his lack of knowledge, limited education, and inability to comply with the Rules of Civil Procedure.

13. Under these circumstances, it is my professional opinion that the only realistic hope of obtaining representation for Henry Hamilton is for the Court to appoint him counsel pursuant to Local Rule 83-12.01(I).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of January 2015.

_____
Jim R. Bruce