UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION

| | |
|---|---|
| HENRY HAMILTON, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Civil Action No.: ) |
| vs. | ) 1:14-CV-00109ACL ) |
| CITY OF HAYTI, MISSOURI, GLENDA OVERBY, CALVIN RAGLAND, AMY LEEANN LANNIE, and MACO MANAGEMENT CO., INC., | ) ) ) ) Jury Trial Demanded ) ) |
| Defendants. | ) |

**DEFENDANT CITY OF HAYTI, MISSOURI'S RESPONSE TO PLAINTIFF'S MOTION TO MODIFY ORDER FOR DISQUALIFICATION OF COUNSEL AND DISMISSAL OF CLASS CLAIMS OR IN THE ALTERNATIVE FOR APPOINTMENT OF COUNSEL**

Plaintiff's attorney, who has been disqualified by this Court from continuing representation of Henry Hamilton by its Order of January 5, 2015, is attempting to modify the Order of Disqualification and continuing to represent Henry Hamilton even though this Honorable Court has disqualified Plaintiff's counsel from representing Mr. Hamilton in this particular proceeding.

The Court in its Order of January 5, 2015, made it very clear that Henry Hamilton's counsel, Mr. Jim Bruce, was disqualified from representing Mr. Hamilton. Mr. Hamilton was directed that if he did not have counsel by January 16, 2015, that he could proceed pro se and that the class claims would be dismissed without prejudice.

Mr. Hamilton is not bringing any matters before the Court, but Mr. Hamilton's disqualified attorney is bringing these issues before the Court.

Mr. Bruce, on behalf of Mr. Hamilton, indicates that "plaintiff requests that his counsel be granted the opportunity to either withdraw from representing the Mayor of Defendant City of Hayti

1

in the unrelated pending state court criminal prosecution in order to resolve the conflict or be disqualified as counsel in the present action".

First, the Court has already disqualified counsel in the present action and Mr. Bruce has been disqualified.

Second, allowing Mr. Bruce to withdraw representing the Mayor of the City of Hayti does not resolve the conflict involving former clients. Under Rule 4-1.9(a) of the Missouri Rules of Civil Procedure, the rule's primary concern is the possibility, or the appearance of the possibility, that an attorney may have received confidential information during the prior representation. In Re: Carey, 89 S.W. 3d 477, 492 (Mo. 2002) and, Zerger and Mauer LLP v. City of Greenwood, 751 F. 3d 928, 932-933 (8th Cir. 2014).

Even if Mr. Bruce would withdraw as the mayor's attorney in the state court proceedings, that does not absolve the conflict and the appearance of impropriety as set out in the Zerger decision.

Third, the Plaintiff cannot request Mr. Bruce to withdraw through this particular proceeding to absolve the conflict, and this Court has no authority to allow Mr. Bruce to withdraw from representing the mayor of the City of Hayti in the state court proceeding.

It is also requested in Plaintiff's Motion that Plaintiff be given additional time to find counsel before the class claims are dismissed or alternatively the Court appoint counsel under local court rule.

Appointment of counsel in a civil case is governed by 28 U.S.C. § 1915 (d). It is within the district court's sound discretion whether to appoint counsel for those who cannot pay for an attorney under this provision. See In Re: Lane, 801 F. 2d 1040, 1044 (8th Cir. 1986).

In determining whether a person who is indigent should be appointed counsel, the Court should ascertain "whether the nature of the litigation is such that plaintiff as well as the court will

benefit from the assistance of counsel". Nelson v. Redfield Lithograph Printing, 728 F. 2d 1003, 1005 (8th Cir. 1984). In addition, the Court should consider the factual complexity, the plaintiff's ability to investigate the facts, the existence of conflicting testimony, the plaintiff's ability to present his claim and the complexity of the legal issues. Williams v. Johnson, 788 F. 2d 1319, 1322-1323 (8th Cir. 1986). Currently this case is in very preliminary stages of development. Several pending substantive motions have not been ruled upon, which the Court has postponed until the ruling on the disqualification motion. Those motions have been fully briefed.

At this stage it would appear to early to consider appointment of counsel.

Finally, the class action cannot be represented by Mr. Hamilton as he cannot practice law for others. Mr. Hamilton is not a lawyer and can only represent himself and no one else. Liberty Mutual Insurance Company v. Jones, 130 S.W. 2d 945 (Mo. 1939). Furthermore, it is well established that pro se prisoner plaintiffs are unable to fairly represent and adequately protect the interest of a class. See Oxendine v. Williams, 509 F. 2d 1405, 1407 (4th Cir. 1975) and Griffin v. Smith, 493 F. Supp. 129, 131 (W.D. NY. 1980). While Mr. Hamilton is not a pro se plaintiff, he is classified currently as pro se and would not be able to adequately represent the class of prisoners because he cannot represent individuals and practice law representing the individuals.

IT IS RESPECTFULLY SUBMITTED, the Court deny Plaintiff's Motion to Modify the Order of Dismissal of Class Claims and at this time deny the appointment of counsel to Henry Hamilton.

SPRADLING & SPRADLING

By: _____
A.M. Spradling, III
EDMO #10371   MOBAR #23702
1838 Broadway, P.O. Drawer 1119
Cape Girardeau, MO 63702-1119

(573)335-8296   Fax (573) 335-8525
E-mail: spradlaw@swbell.net
Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2015, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the attorneys of record.


SPRADLING & SPRADLING

By: _____