UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HENRY HAMILTON, individually and on behalf of others similarly situated, </br></br>Plaintiff, </br></br>vs. </br></br>CITY OF HAYTI, MISSOURI, et al., </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) Case No. 1:14-CV-109 (CEJ) |

# ORDER

Plaintiff, through his disqualified counsel, Jim Bruce, has filed a motion asking the Court to modify its order of December 15, 2014 disqualifying Mr. Bruce as counsel due to a conflict of interest arising from his representation of the mayor of defendant City of Hayti in a pending state court criminal prosecution. The Court established January 16, 2015 as the deadline for plaintiff to retain a new attorney to represent the putative class. Plaintiff now asks that Mr. Bruce be granted the opportunity to withdraw from representing the mayor. Alternatively, plaintiff asks for an additional 45 days to seek class counsel or for the Court to appoint counsel for the class.

This Court has no authority to allow Mr. Bruce to withdraw from his representation of the mayor of the City of Hayti in the state court proceeding or to relieve Mr. Bruce of any obligations or duties he has to his client in that matter. Further, the Court is unaware of any authority to appoint counsel to represent a class. Even in a suit brought by an indigent plaintiff there is no constitutional or statutory right to appointed counsel. Sanders v. Holloway, 95 F. App'x 842, 843 (8th Cir. 2004) (quoting Edgington v. Mo. Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995)). Considering plaintiff's individual claims, the Court finds that they do not present issues

that are so complex that plaintiff would be unable to investigate or prosecute them. See Sanders, 95 F. App'x at 843-44 ("Factors bearing on the determination of whether appointed counsel is necessary include: the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments.").

The Court will grant plaintiff a short extension of time to retain a new attorney. No further extensions of time will be granted on this issue, however. If plaintiff does not retain counsel, he may nevertheless represent himself in this case. However, plaintiff cannot represent the class without an attorney and the class claims cannot proceed.

Finally, because Mr. Bruce has been disqualified, he is prohibited from making further appearances or filing pleadings on plaintiff's behalf in this case.

Accordingly,

**IT IS HEREBY ORDRED** that plaintiff's motion to modify the order for disqualification of counsel or, in the alternative, for appointment of counsel [Doc. #44] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **February 13, 2015,** to retain a new attorney to enter an appearance in this matter. If plaintiff does not meet this deadline, the Court will dismiss the class claims without prejudice and permit plaintiff to proceed *pro se* with respect to his individual claims.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2015.